RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 26 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

BISHOP FRANK LOTT (aka) LOTT-JOHNSON, PRO.SE

(Plaintiffs-Respondents)

VERSUS

ESTATE OF LAURRAINE GOREAU, MARY C.J LINCOLN DEVILLIER, PELICAN PUBLISHING COMPANY ET. AL.

(Defendants-Respondents)

CIVIL ACTION No. 1 14-CV-3104

# COMPLAINT INFRINGEMENT/BREACH OF IRREVOCABLE CONTRACT TRANSFER AGREEMENT AND EMERGENCY INJUNCTION TEMPORARY AND PERMANENT

Comes now plaintiff Bishop Frank E. Lott pro.se in the above-styled action files this civil action and Emergency Injunction Temporary/ Permanent and moves this Honorable Court to issue Emergency Injunction and states the following,

## I. Jurisdiction, Venue, Subject-matter Jurisdiction

1.

This Honorable Court has Jurisdiction, Sub-matter Jurisdiction and leave over the defendants along with anything involving copyright. Congress put this in the hands of the Federal Courts in 1978, Pelican Publish Company allegedly has a contract with Goreau/Devillier located in Gretna, Louisiana. and any constitutional violations and actions of $75,000.00 or more.

2.

The defendants also are subject to this court because the defendants are and is located in Carrollton, Georgia the Northern District.

## II. Brief

3.

This case steams from the exclusive rights that was given to plaintiff by transfer/contact from the

President, Vice-president and others of the Mahalia Jackson Residual Corporation, Inc. Mr. Emanuel Duskin, President and Mr. Edison Lazard, Vice-president and other board members. Mr. Duskin had the full power to action behalf of the MJRFC, Inc.

Laurraine Goreau was hired by Ms. Jackson and was paid in full **by Ms. Jackson before her passing in 1972 to write "Just Mahalia Baby" book**. She was also Ms. Jackson secretary who had all access to the document(s), files, and etc. was present at Ms. Jackson home the time she was last in the hospital before her death. Ms. Goreau had access to all of the files as stated promising. Mr. Duskin and other heirs she would return them along with the memorabilia she got out of the house, about **six boxes** of other **documents, letters, photographs and communications from such people as Dr. MLK Jr., President John F. Kennedy, Mr. Robert Kennedy, Princess of Monarch, King Frederick VII, Elvis Presley and many others**.

4.

The courts see that plaintiff has a proper transfer/contract from Mr. Duskin and others whom joined under his leadership around 1994 and that plaintiff was of great help to the MJRFC, Inc. and members at that time. Their was several verbal meeting in 1994-1996 with Mr. Duskin and Mr. Lazard deciding that after the meeting with the remaining heirs as Mr. Duskin had been trying to locate Goreau. Also attaching the type document with the list of titles that was transferred to Bishop Lott-Johnson reflecting the Registration numbers.

The documents was filed in conjunction with the exclusive transfer of songs and rights with Thomas A. Dorsey in which plaintiff worked with Mr. Dorsey for years. Mr. Duskin made it known to the audience(s) as he attended the programs in consolidation with the church convention. Mr. Duskin stated that, "If Bishop Lott-Johnson ever locate Ms. Goreau to retrieve those items such as memorabilia, and etc. back from her. They are his because of the hard work, love and affection that Lott-Johnson gave to him along with the other board members that were heirs of Ms. Jackson.

5.

Plaintiff filed the documents as instructed by Mr. Duskin in 1998 with the attach type written titles. Laurraine Goreau was living in Carrollton, Ga. After years of diligent searching around. Plaintiff contact Ms. Anne Devillier around or about the end of 2011-2012. The original filing reflected the original book registration.

6.

Plaintiff shows the will and testament codicil of Ms. Jackson naming each heir and what each heir should receive until each heir dies. Mr. Duskin, was the last heir to die in 2004. Ms. Hannah Robinson died around 1974, ms. Alice Stamp Lawson died around 1984, Mr. Allan Clark II died around 1995-96, Isabella Lazard died around 1992, Edison Lazard died around 1997, Johnny Jackson, Jr. died around 1997-1998, Pearl Jackson died around 2002, Porter Field Jack Smith died around 1995-96 and Bessie Kimbell died around 1979. See attach as Exhibit "A" the codicil of Ms. Jackson that states, "All properties real, personal, tangible and intangible of every kind and nature **wherever situated**........ **See Exhibit "A"** the codicil of Ms. Jackson also Laurraine Goreau name is not mention at all.

7.

Bishop Lott-Johnson received exclusive rights to the **Exhibit "B"**, 1998 filing and the Adverse Renewal that was granted to the plaintiff by the U.S. Copyright Office, granted August 20, 2012.

8.

**Exhibit "C"**, Copy of the Certified record emailed from the Louisiana Corporation Division that shows not only Mr. Duskin position but also Edison Lazard and the rights was properly transferred to plaintiff's exclusive rights of title(s). See List of Titles Mahalia Jackson.

**Exhibit "D"**, The last will and testament of Laurraine Goreau leaving all books, memorabilia and etc. to her sister Mary Anne G. Devillier yet, the executor Mary Anne G. Devillier never filed on inventory nor proof of ownership, especially as to how her and her sister became the author and owner of the

book "Just Mahalia Baby". Goreau nor Devillier's apart of Ms. Jackson last will and testament nor her codicil.

**9.**

**Exhibit "E"**, Letters from Attorney Beiser on behalf of plaintiff to Pelican Publishing Company whom in return stated through their counsel they would get back with us after research. Pelican also is leasing the book to Ms. Ratney and selling the book on Amazon.com and presumably through themselves and others. The time has well expired for a response. Attached is an email received from Attorney Beiser, showing that he has not heard from Pelican Publishing Company. See response letter.

**10.**

**Exhibit "F"**, Letter to Attorney Palmer regarding the J. Lincoln Devillier whom in his wife will stated that she transferred everything to him, such as books and etc. Yet, never showing proof thereof to the courts in Carrollton County nor the plaintiff.

**Exhibit "G"**, Mary Anne G. Devillier's will.

**11.**

The focal point of the case is ownership and continuous violation infringement of plaintiff rights and exclusive copyrights receiving proper transfer from Mr. Duskin unanimously voted on by the board of MJRFC, Inc.

**12.**

**Exhibit "H"**, Letter from the U.S. Copyright Office advising the Goreau estate and the Pelican Publishing Company of plaintiff adverse renewal. Defendant's are reaping monies and in the public's eye. Laurraine Goreau is the author and owner of "Just Mahalia Baby" and the owner of the memorabilia, documents and etc. When that is not true at all. Reaping benefits through Pelican Publishing Company filing for renewals when nothing is theirs to keep; transfer, sell, trade, and or contract out. See though title as last will and testament **page 1 and page 2**. Irrevocable can not be

Page 4 of 17

changed after the Copyright Office examined the document(s) and title and this court sees that Mr. Duskin states that **page 1** of the **November 1, 1996** document:

> **"Also as of now as verified on page 2 with out signature we do give him rights to the name and the book as of this date....... we also gave and giving him....monies from Sony/Columbia Records...."**

Changing it from a will to a proper transfer contract of exclusive rights to plaintiff. It also states on page 2:

> **"And we further turn over the original book (referring to "Just Mahalia Baby"), Sony/Columbia the songs and music of Ms. Jackson along with movie rights to Bishop Frank E. Lott aka Frank L. Johnson. This has been approved and finalized by our board....."**

It is plaintiff who is the owner of the book and other titles by proper transfer and or contract that though notarized did not have to be as long as the signatures, is that of the owner and of persons that are owners. See that there is an unanimous decision. Defendants are infringing on plaintiff rights continuously the Publishing Company nor Laurraine Goreau has not shown any concrete proof of any sort to contradict plaintiff's rights.

**Exhibit "I"**, Letters to yahoo.com CEO (no response).

**Exhibit "J"**, Raging Bull case Petrella Vs. MGM Studios, et. al.

**Exhibit "K"**, Pelican advertisement off of social media, Facebook along with Ruth Ratney advertisement of Ms. Jackson's picture(s).

13.

Each person entity was advised that legal actions would apply. Ms. Goreau estates is still open because there is then and now no inventory and proof of ownership ever filed. **Ms. Jackson died in 1972. See where the book was published in 1975 after the 20 years of Attorney Shapiro executor-ship ended**

**in 1992.** Emanuel and the remaining heirs was still alive that had the authority to transfer/contract out sell and or trade the rights of any real and or personal properties of Ms. Jackson which by contract transfer gave them to Bishop Lott-Johnson.

### 14.

According to law, Ms. Goreau the Devilliers can not contract, sell, lease, and trade to any party, something that she do not own. That is what has happen and displayed in the public's eye.

### 15.

Attorney Palmer advised Attorney Beiser her client admits to having the boxes of documents but refuse to give them to plaintiff. Most of the documents are from the civil rights error. Plaintiff would like to preserve the documents and or select his own historian's museum to allow them to be displayed. An Injunction is warranted all has been put on notice as this court can see. Also counsel notified Amazon.com and no answer. See that yet sells are going on. All exhibits are filed and incorporated herein. The transfer to plaintiff was video-taped for posterity purposes.

### III. Statement of Claim

### 16.

Defendants are continuous infringing on plaintiff copyright/rights. Defendants are collecting continuous assets falsify transferring, leasing, selling, and contracting out the **"Just Mahalia Baby"** book. Defendants are in violation of U.S. Copyright Law invading on the ownership of the plaintiff is without regards to the law. Mary Anne G. Devillier renewal 2003 be denied. The only proof that was submitted, she was the executor to the U.S. Copyright Office of Ms. Goreau and also Pelican Publishing Company who is not apart of Ms. Jackson's will.

Copyright Infringement stating that there are owners of the book, "Just Mahalia Baby" continuous collecting monies off of sells, and contracting the book. Anne G. Devillier holding the memorabilia that do not and never did belongs to her or Goreau/Devillier estate. **In landmark**

**decision, on March 19, 2014, Petrella Vs. MGM Studios et. al., the U.S. Supreme Court the highest court in the land noted some important steps just because a person waits to sue decades later do not relieve companies of their duties.** When infringement has taken place, Pelican Publishing Company should have gotten all documents from Ms. Goreau and the rights she had before publishing the book and or taking ownership. See adverse renewal letter. Mr. Duskin gave these rights along with other board members by proper transfer to Bishop Lott-Johnson..

The number associated with the book, "Just Mahalia Baby" are the last 5 digits, **A6226** the reason that the renewal was not ready yet to be done at least until 2003. It is also reference in the Attorney Beiser cover letter date August 17, 2012. See also where plaintiff claimed all rights to the memorabilia, documents and etc. in the adverse renewal. Mr. Duskin held a valid copyright and all others that was alive from the codicil of Ms. Jackson. See also the fact that the controlling person was in fact Mr. Duskin after the death of Pearl Jackson in 2002, still never changing his mind as he gave the materials with the attach listing of titles to Bishop Frank Lott.

Pelican Publishing Company, Goreau Devilliers is copying, selling, transferring the "Just Mahalia baby" book and its contents also infringing on plaintiff copyright rights. Anne Devillier without law and authority have and or is holding the personal properties that is rightfully the plaintiff's and memorabilia is precious needs to be preserved. Anne Devillier either have and or gave away transferred and donated the personal properties pertaining to the book and other materials that do not belongs to her and or any other third parties as she stated she would. Injunction is warranted.

Anne Devillier is holding memorabilia that do not belongs to her and or Mary Anne G. Devillier, J. Lincoln Devillier, and Laurraine Goreau or any other third parties. Devillier and Goreau estate continues to collect off of the sells of the book, "Just Mahalia Baby", it is clear that the estate has no standing. She has no right to the personal properties. Those documents needs to be preserved, in which plaintiff has those rights. Anne Devillier can not sell, transfer, collect, contract, and convey

something that is not hers' as she has vowed to do all of these transfers beginning with Laurraine Goreau to the Devilliers are not proper and has not offered the courts anything to show proof thereof infringing of a plaintiff copyright and rights.

Pelican Publishing Company has no right to continuous infringing on plaintiff copyrights willfully and knowingly, not the letter dated January 15, 2013, request for more time, ask for January 31, 2013 to respond yet, the continuous sell, contracting, and conveyance infringing off of plaintiff's copyrights is continuous. See letter sent to Ms. Ratney attorney is just one of the individuals who infringing off of plaintiff copyrights that has no rights in doing so is in violation of plaintiff irrevocable contractual agreement transfer amongst other copyright laws. It is clear that Pelican is not intending on responding nor do it has any contract agreement between Ms. Jackson and Goreau/Devilliers at all to show. There needs to be a stopping point immediately. Pelican is causing harm to plaintiff rightful copyright ownership. Laurraine Goreau nor her sister(s) estates are the owners of the book and the personal personal properties. See Petrella Vs. MGM Studios, the U.S. Supreme Court stated in the above 40 year old. The U.S. Copyright Office shows that there was 38 Titles that was transferred irrevocably be the MJRFC, Inc. therefore, plaintiff has rights exclusively.

17.

**See in Petrella Vs. MGM Studios, the courts found in favor of the plaintiff can no longer be used because a person waits to sue (2) two companies should keep with any important documents that relates to its rights. Note that the response from Pelican Counsel that they needed more time to research that time has long expired. That is the same reference the U. S. Supreme Court stated in the Petrella case that:**

> "**Companies ought to keep paper trail, stay in touch with ex-employees business need to have good document retention systems and keep files related to each creative work or artist......**"

Page 8 of 17

This has not happened at all. The March 19, 2014 landmark decision was based on Paula Petrella father who co-authored the base on the true story screenplay and sold by her father Frank Petrella. MGM Studios did not get Paula Petrella permission to use, and or exploit the screenplay. This court sees that time has well expired. Pelican leasing out the book perhaps giving others rights is totally wrong whether it acted on its own behalf and or through Ms. Goreau or her heirs. The company should have verified the rights and contract before entering into contract, sells, third-parties, agreements and etc. Pelican faulted themselves so did Ms. Goreau and her estate, heirs, executors and etc.

### IV. Law and Authority

### 18.

In case of Petrella Vs. MGM Studios, et. al. The plaintiff incorporated herein as explained in his. **See Paula Petrella Vs. MGM Studios Inc. et. al. Appeal from ninth circuit No. 12-1315 United States Supreme Court decision.** Though plaintiff waited to sue for his exclusive copyrights does not mean that Goreau/Devillier estates and its third parties have a right to continuous ownership of the book, "Just Mahalia Baby" and its contents Injunction Relief should issue under:

**Title USC 17 of the Copyright Laws Circular12. Plaintiff exclusive rights has been violated by both Laurraine Goreau, Goreau/Devilliers estate and Pelican Publishing Company. See also transfer of copyright "Transfers" no special requirement for forms for documents and notarization are necessary for recordation. "The Copyright Office will record a document of transfer after its been executed by the parties". See that though the two page written document is notarized, it did not have to be the attachment of titles listing in the 1998 document along with Ms. Dorsey verification of the 1989 transfer from Professor Thomas A. Dorsey to plaintiff with titles listed are and is a proper transfer/contract to the exclusive rights. Ownership of copyrights states: "Only those deriving their rights through the author can own copyright in a work.....**

The employer not the employee is the author of that particular work is the author. **See adverse renewal filed August 17, 2013 where the author is not Laurraine Goreau, ms. Mary Anne Devillier nor Pelican. See also Declaration of the former employee of Ms. Jackson and other Declaration documents pertaining to A copyright.**

19.

A document is considered to **"Pertain to a copyright if it has a direct or indirect relationship to the existence, scope, duration or identification of a copyright.........**

**Transfers Circular12- Notarization of Acknowledgment.** A valid transfer needs not to be notarized or otherwise accompanied by a certificate of acknowledgment being that the two page document is notarized with the attach titles accompanying its prima facie evidence of the execution of the transfer. See also documents pertaining to a copyright. Pelican Publishing Company and Goreau/ Devillier's has violated plaintiff exclusive rights and possibly many others. The title(s) and the parties are clearly identified therefore, the documents met the requirements of copyright. **See also USC Title 17 Section 205. Under the renewal copyright laws, the renewal was properly given to plaintiff because the work was a work for hire claims to the 2003 renewal is and was properly transferred to the plaintiff. See Circular15, "Who may claim Renewal" (4). See U.S.C Title 17 Section 201. See also Infringement of the defendant(s).**

Plaintiff uses et. al. In this action because their maybe others that he comes across and or knows that is violating infringing upon the proper transfer/copyright. Once the courts issue Injunction acknowledged plaintiff transfer/contract, he maybe able to present the Injunction to person's entities wherever situated. Quiet sure there is a lot more that need to abide by the proper transfer. Plaintiff receiving **Certificate of Registration in 2013 and 1998 after examination by the US Copyright Office.**

### V. Temporary Permanent Injunction

20.

**This court has the authority to issue injunction under Title 17 USC Section 205** for the copyright Infringement(s) of defendants third parties. As this court sees that neither Goreau/Devillier, Pelican Publishing Company, and Amazon.com never produced any proof to the contrary and all asset(s), sells, contracting out, and leasing the book be permanently stop it will not hurt or harm the public at all as evidence and law presents. The attach Emergency Temporary Permanent Injunction be signed as defendant are well aware of plaintiff claims all cost be attributed to the defendants.

Plaintiff shown the likely hood of prevailing on the merits. Plaintiff also shows irreparable harm and injury and it will result as this court can see further irreparable harm and injury. The harm truly out weighs the harm on the opposing party, the injunction should be granted because as this court can see, would not be adverse to the public interest. Permanent Injunction should issue plaintiff has shown the violations of the rights asserted in the complaints. There is no other adequate remedy of law if the courts does not issue injunctive relief irreparable harm will continue and would not be adverse to the public interest.

### 21.

This court sees that plaintiff shows the courts that his rights has been violated by defendants. The Emergency Injunction is much needed and warranted. Defendants has not offered any proof to contradict plaintiff. It's been over a year and a half. Defendants are still claiming and reaping assets that belongs to the plaintiff. Ms. Devillier seen where the document filed in 1998 where plaintiff claimed ownership of the "Just Mahalia Baby" book and still filed renewal in 2003.

### Law and Argument

### 22.

- In Louisiana revised statute 12:163 though the corporation did not file an annual reports two years, Mr. Duskin, Mr. Lazard and Peal and Johnny Jackson still had the authority in 1996 to enter into the contract/transfer irrevocably transferred.

- Anne Devillier needs to halt from releasing, selling anything conveying, donating because the fact shows the precious civil rights documents needs to be preserved and to plaintiff as the rightful owner. As Goreau and her heirs successors are and have also been notified by both plaintiff's counsel and U.S. Copyright Office. Laurraine Goreau had no rights to contract anything at all.

- Under Section 101 of Title 17 of the U.S. Code, a work made for hire though Ms. Goreau waited three years after the death of Ms. Jackson, it is protected for ninety-five years from the date of publication or 120 years from the date of creation. There are no contrary/contradicting agreement that the defendant(s) can show Ms. Jackson signed nor Executor and or MJRFC, Inc. Goreau can not leave any personal properties of Ms. Jackson in her will. Injunction is warranted against the defendant.

- In the response from Attorney E. Andrew Norwood, January 15, 2013 ask that we give him until January 31, 2013 because of the decades of existence of the files reviewed in probate and other materials, but yet continues there leasing. Yet, Pelican Publishing Company is still receiving assets from the sell of Mahalia Jackson book and Ruth Ratney pays and or is paying to use the book and the contents thereof. Also Pelican Publishing Company is continuously selling the book, it has been over a year and a half and still no response. It is not the plaintiff job to keep up with their documents nor to continuous wait simply because Pelican Publishing, Laurraine Goreau nor the Devillier's has any rights of authorship.

- Anne Devillier has no right to hold the personal properties that was transferred to plaintiff rightfully by Mr. Duskin and other. A transfer is a copyright. See Titles starting from 28-65 publicly displayed with registration number the **Exhibit "B"**. Just Halia Baby received reference number **Exhibit "B"** 1998 though it is not displayed on the 1998 website. Injunction

is warranted so is replivens.

## Damages

- Infringement of copyrights and rights $11,000,000.00 dollars.

- Compensation personal injury, physical and mentally stress 70 million dollars.

- Court costs for action as this court deems necessary along with Monetary damages for sell of book and leasing rights of publicity 30 million dollars.

- Priceless documents, memorabilia that is held by Anne Devillier illegally estimated 30 million dollars

- Whatever else this court deems necessary, just and proper punitive damages $100,00.00 dollars.

## Conclusion

This court acknowledge plaintiff copyrights exclusive proper transfer/contract as he is the exclusive owner. Grant the Emergency Permanent/Temporary Injunction along with the civil action. Plaintiff gives around or about figures for lawsuit damages. If more, please allow plaintiff amendment to damages. This court sees that plaintiff has rights and defendants has infringed and violated the plaintiff exclusive copyright irrevocable transfer copyrights. All acknowledge the exclusive rights and titles given to the plaintiff. Injunction Relief is warranted all exhibits be accepted and filed herein. This court if any remedies infringements other laws has been broken. Apply it to the defendant's all costs attributed to this action be against the defendant(s).

## Prayers

1) Forma pauperus be granted.

2) Complaint Emergency Injunction be granted.

3) All costs be attributed to the defendants.

4) Courts grants damages and any other relief this court deems necessary for relief.

5) Courts honor the transfer of copyrights Irrevocable/transfer contract all others also.

6) All recognize plaintiff irrevocable transfer contractual agreement whether corporations, courts, governments, persons, unincorporated, and non-profit in its entirety whenever served with the judgment/injunction.

7) Defendants be made to produce receipts, contracts, third parties contracts and assets of all monies gained.

Respectfully Submitted,

*[signature]* -pro.se

Bishop Frank E. Lott-Johnson

11B West Inman St.

Statesboro, Ga. 30458

(912) 618-3280