IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BISHOP FRANK E. LOTT-
JOHNSON,

        Plaintiff,

v.

ESTATE OF LAURRAINE
GOREAU, ANNE DEVILLIER,
ESTATE OF MARY ANN G. (J.
LINCOLN) DEVILLIER, and
PELICAN PUBLISHING
COMPANY,

        Defendants.

1:14-cv-03104-WSD

## OPINION AND ORDER

This matter is before the Court on all pending motions filed by Plaintiff Bishop Frank E. Lott-Johnson ("Plaintiff").

On September 26, 2014, Plaintiff filed this copyright infringement action against Defendants Estate of Laurraine Goreau, Anne Devillier, Estate of Mary Ann and J. Lincoln Devillier ("Devillier Defendants"), and the Pelican Publishing Company. Plaintiff also requested the Court to enter a temporary restraining order that prohibited the Defendants from infringing his claimed copyright in published works and memorabilia associated with notable figures. The Court held a hearing

on September 26, 2014, denied Plaintiff's Motion for a Temporary Restraining Order, and Ordered the Plaintiff to properly serve the Defendants before the Court considered whether to hold another hearing to determine whether Plaintiff is entitled to injunctive relief.  On October 17, 2014, the Devillier Defendants answered the Complaint.  The Devillier Defendants contend that they have not been properly served with the Complaint under Rule 4 of the Federal Rules of Civil Procedure because Plaintiff mailed the Complaint to Anne Devillier on October 3, 2014.  To date, the remaining Defendants in this action have not appeared or answered the Complaint, and Plaintiff has not provided the Court with proof that any Defendant has been properly served under the Federal Rules of Civil Procedure or Georgia law.

Rule 4(e) of the Federal Rules of Civil Procedure requires personal service on an individual defendant, which can be accomplished by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individuals dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)-(C).[1]  Proper service of process on the Estate of a decedent requires personal service on the personal representative or administrator of the decedent's estate, as required by Rule 4(e) of the Federal Rules of Civil Procedure and O.C.G.A. § 9-11-4.  See Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990); Anderson v. Bruce, 548 S.E.2d 638, 640-42 (Ga. Ct. App. 2001).

Under Rule 4(h) of the Federal Rules of Civil Procedure, a domestic corporation can be served by following the requirements of Georgia law, or by (1) delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized to by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . " Fed. R. Civ. P. 4(h)(1)(A)-(B).

Plaintiff has not followed the requirements of these rules, including by filing proof of proper service on any of the Defendants.  The return of service forms filed by Plaintiff indicate only that Plaintiff transmitted the Complaint to the Defendants unising United Parcel Service of North America, Inc.  Unless a defendant waives

---

[1] Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, "an individual may also be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

service under Rule 4(d) of the Federal Rules of Civil Procedure, service of process by mail [or other reliable] service is insufficient to perfect service on a defendant under the Federal Rules of Civil Procedure and O.C.G.A. § 9-11-4.  See Manufacturers Hanover Trust Co. v. Ponsoldt, 51 F.3d 938, 940 (11th Cir. 1995); O.C.G.A. § 9-11-4(e).  Under Rule 4(m) of the Federal Rules of Civil Procedure, the Court may dismiss an action, on its own initiative and in its own discretion, if the plaintiff fails to serve a defendant properly with a summons and complaint within 120 days of the plaintiff's filing of his Complaint.  Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006).

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall properly serve the Defendants, as required by the Federal Rules of Civil Procedure or Georgia law, and shall, on or before January 26, 2015, serve each defendant with Plaintiff's summons and complaint and file proof of service on each defendant served, as required by Rule 4(l) of the Federal Rules of Civil Procedure.  Failure to serve the Defendants and file the required proofs of service on or before January 26, 2015, will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that all motions pending in this action are **DENIED AS MOOT,** and this case is **STAYED** until the Plaintiff provides proof

that he has properly served the Defendants.  Plaintiff shall not file any additional motions or other pleadings in this action unless he first files a Request to File Pleading in which he describes the pleading he seeks to file and the reason the Court should lift the stay to allowing the pleading to be filed.[2]

**SO ORDERED** this 7th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court continues to urge plaintiff to retain counsel to assist in this matter considering that there is here a pattern of Plaintiff unsuccessfully following the procedural rules that govern this action.