IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BISHOP FRANK E.
LOTT-JOHNSON,

        **Plaintiff,**

    v.

ESTATE OF LAURRAINE
GOREAU, ANNE DEVILLIER,
ESTATE OF J. LINCOLN
DEVILLIER, and PELICAN
PUBLISHING COMPANY,

        **Defendants.**

1:14-cv-03104-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Pelican Publishing Company's ("Pelican") Motion to Dismiss Plaintiff Bishop Frank E. Lott-Johnson's ("Plaintiff") Amended Complaint for failure to state a claim upon which relief can be granted [28], and Defendants Anne Devillier's and the Estate of J. Lincoln Devillier's (together, the "Devillier Defendants") Motion for Judgment on the Pleadings [41].[1]

---

[1] There is also before the Court Plaintiff's Request to File Responses to Defendants Anne Devillier and Estate of J. Lincoln Devillier with Reasons [35]. In it, Plaintiff reiterates that he objects to the pending Motion to Dismiss and asks the Court to deny it. This request is resolved by the Court's ruling in this Order.

## I.    BACKGROUND

On September 26, 2014, Plaintiff filed this *pro se* copyright infringement action against Defendants Pelican, the Estate of Laurraine Goreau, Anne Devillier and the Estate of J. Lincoln Devillier.  Plaintiff also appears to assert a claim for conversion under Georgia law.[2]  Plaintiff alleges that Laurraine Goreau worked as a secretary for Mahalia Jackson, a renowned gospel singer and civil rights activist. In 1975, Ms. Goreau published a book entitled "Just Mahalia, Baby" [3] that chronicled Mahalia Jackson's life and career.  In that same year, Ms. Goreau filed and claimed copyright protection for "Just Mahalia, Baby."[4]  Plaintiff also alleges that Ms. Goreau received six boxes of memorabilia (the "Memorabilia") that belonged to Mahalia Jackson.

---

[2] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The Court liberally construes Plaintiff's Complaint and Amended Complaint in light of his *pro se* status.  Id.

[3] Although this is the name of a book, Plaintiff put the name in quotes rather than underlining it.  The Court conforms to Plaintiff's practice of using quotation marks.

[4] On July 6, 2011, Plaintiff filed a *pro se* action in this Court against different defendants but alleged violations of a copyright he claimed he owned in the work entitled "Just Mahalia, Baby."  See Bishop Frank E. Lott-Johnson v. Studio 620, et al., 11-cv-02205-WSD (the "2011 Action").  On August 29, 2011, Plaintiff voluntarily moved to dismiss the 2011 Action without prejudice, which the Court granted.

Plaintiff claims that Ms. Goreau bequeathed the copyright and the Memorabilia to her sister, Mary Ann G. Devillier who, in turn, bequeathed them to her husband, J. Lincoln Devillier.  At the time of J. Lincoln Devillier's death, the copyright and the Memorabilia were allegedly transferred to Defendant Anne Devillier as Mr. Devillier's heir and the executrix of his estate.

In 1983, Pelican entered into an agreement to publish the work "Just Mahalia, Baby."  The work has been published continuously by Pelican since the agreement was entered in 1983.  Plaintiff contends that the copyright to the work "Just Mahalia, Baby" and the Memorabilia are the property of Mahalia Jackson. When Ms. Jackson died, her surviving beneficiaries created the Mahalia Jackson Residual Family Corporation ("MJRFC") to manage the assets of her estate. Plaintiff alleges that, on November 5, 1996, the rights to the copyright in the work "Just Mahalia, Baby" and the Memorabilia were transferred to him by the President of MJRFC.

Although Plaintiff's Complaint and Amended Complaint are nearly incomprehensible, the gravamen of his Complaint appears to be that Plaintiff is the rightful owner of the copyright to the work "Just Mahalia, Baby" and the Memorabilia, and he seeks a declaration that the copyright and the Memorabilia belong to him.  He also requests the Court to award him damages for the

Defendants' alleged infringement of the copyright and conversion of the Memorabilia.

On December 8, 2014, Pelican, the publisher of "Just Mahalia, Baby," moved to dismiss this action on the ground that Plaintiff's copyright claim is barred by the Copyright Act's three-year statute of limitations.  On January 15, 2015, the Devillier Defendants moved for judgment on the pleadings on the grounds that Plaintiff's copyright claim is barred by the Copyright Act's three-year statute of limitations, and Plaintiff's conversion claim is barred by the four-year limitations period of O.C.G.A. § 9-3-32.[5]

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Motion for Judgment on the Pleadings

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001).  In considering a motion for judgment on the pleadings, the allegations contained in a complaint must be accepted as true and the facts and all inferences must be

---

[5] O.C.G.A. § 9-3-32 provides that "[a]ctions for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues."

construed in the light most favorable to the nonmoving party.  See Scottsdale Ins. Co. v. Pursley, 450 F. App'x 888, 890 (11th Cir. 2012); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).  Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss.  See Sampson v. Wash. Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").

> 2. *Motion to Dismiss*

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc.,

187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a

plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d

1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)),

abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —,

132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion

couched as a factual allegation."  See Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain

"enough facts to state a claim to relief that is plausible on its face."  Twombly,

550 U.S. at 570.

        To state a plausible claim for relief, the plaintiff must plead factual content

that "allows the Court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more

than a "sheer possibility that a defendant has acted unlawfully," and a complaint

that alleges facts that are "merely consistent with" liability "stops short of the line

between possibility and plausibility of 'entitlement to relief.'"  Id. (citing

Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA,

569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts"

standard has been overruled by Twombly, and a complaint must contain "sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its

face.").  "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'"  <u>Tropic Ocean Airways, Inc. v. Floyd</u>, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting <u>Iqbal</u>, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004); <u>see also</u> <u>White v. Bank of America, NA</u>, 597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002)).[6]

B.     <u>Analysis</u>

1.     *Copyright Claim*

A copyright infringement action is required to be dismissed "if it is 'apparent from the face of the complaint' that the claim is time-barred."  <u>See</u> <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004) (citations

---

[6] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In <u>Twombly</u>, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555.

omitted).  The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  The Eleventh Circuit has held that "[a] federal claim is generally considered to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action."  See Corn v. City of Lauderdale Lakes, 904 F.2d 585, 588 (11th Cir. 1990).  A majority of federal courts use this "discovery rule" to determine when the statute of limitations begins to run in copyright cases.  See Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 44-45 (1st Cir. 2008); Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 390-91 (6th Cir. 2007); Polar Bear Prods. Inc. v. Timex Corp., 384 F.3d 700, 706-707 (9th Cir. 2004); Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992); Calhoun v. Lilenas Publ'g, 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., specially concurring).

Under the "discovery rule," "the limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."  See Calhoun, 298 F.3d at 1236.  In a typical copyright infringement case, ownership is not at issue and the dispute is based on whether copying infringed on a plaintiff's rights or whether the materials taken were original.  See Kwan v. Schlein, 634 F.3d 224, 229 (2d Cir. 2011).

"Where the gravamen of a copyright infringement suit is ownership, and a freestanding ownership claim would be time-barred, any infringement claims are also barred."  <u>Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC</u>, 733 F.3d 1251, 1255 (9th Cir. 2013); <u>Kwan</u>, 634 F.3d at 229; <u>Roger Miller Music</u>, 477 F.3d at 390-91.  A plaintiff cannot overcome a statute of limitations defense "by portraying an action as one for infringement when copyright ownership rights are the true matter at issue."  <u>See Kwan</u>, 634 F.3d at 229 (internal quotation marks and citations omitted).  Here, Defendants dispute that Plaintiff has copyright ownership of "Just Mahalia, Baby."[7]  It is undisputed that Ms. Goreau filed and claimed copyright protection for the book in 1975.  Copyright ownership, not infringement, is thus the gravamen of Plaintiff's claim.  <u>See id.</u>

---

[7] In their Reply brief, the Devillier Defendants cite a Louisiana state court action brought by Mr. Lott, the Plaintiff in this case.  In the Louisiana action, Plaintiff sought a declaration that the copyright at issue in this case was properly assigned to him. The court in the Louisiana action held that Plaintiff's holographic assignment of the copyright was invalid.  Plaintiff petitioned the Louisiana Supreme Court for a writ of certiorari.  The Louisiana Supreme Court, Defendant reports, denied the petition on April 10, 2015.  Because the rights to the copyright and the Memorabilia were not properly transferred to Plaintiff by the President of MJRFC, the Devillier Defendants contend that Plaintiff does not have a valid copyright interest in the book or a valid property interest in the Memorabilia, and this action should be dismissed.  That may now be true.  The Devillier Defendants, however, did not move to dismiss the Amended Complaint on this ground, and they do not explain the legal basis to support this argument for dismissal in their Reply brief.  The Court accepts Plaintiff's allegations in the Complaint as true, at this stage of the proceedings, and declines to determine whether Plaintiff has a legitimate interest in the copyright.

"Just Mahalia, Baby" was first published in 1975.  That same year, Ms. Goreau filed and claimed copyright protection for the book.  In 1983, Pelican entered into an agreement to publish the book, and it has been sold by Pelican continuously since 1983.  On November 1, 1996, Plaintiff alleges that the copyright was assigned to him by the President of MJRFC.  The alleged assignment occurred nearly eighteen (18) years ago.  Plaintiff did not take any action after he claims he was assigned the copyright to protect his purported copyright interest.  Plaintiff failed to act even though he knew, or should have known, that Ms. Gorreau was the author of the book, that the copyright was claimed by someone else, and that the book was published, sold and distributed to the general public.[8]

The Court concludes that, with the exercise of reasonable diligence, Plaintiff should have discovered, as early as November 1, 1996, that Defendants were allegedly violating his claimed rights.  This action was not filed until September 26, 2014, almost eighteen (18) years after Plaintiff's copyright ownership claim accrued.  On the undisputed facts alleged by Plaintiff here, the

---

[8] To the extent Plaintiff sought to protect his purported interest in the work "Just Mahalia, Baby" in the 2011 Action, the Court notes that the 2011 Action is also barred by the three-year statute of limitations because Plaintiff did not seek to protect his interest until fifteen (15) years after he claims that he was assigned the copyright.

Court concludes that Plaintiff's copyright ownership claim is barred by the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b).  Plaintiff's infringement claim thus fails because his ownership claim is barred by the statute of limitations.  See Seven Arts, 733 F.3d 1251 at 1255; Kwan, 634 F.3d at 229; Roger Miller Music, 477 F.3d at 390-91.

For these reasons, Plaintiff does not have a viable copyright claim and, as a result, Pelican's Motion to Dismiss and the Devillier Defendants' Motion for Judgment on the Pleadings regarding Plaintiff's copyright claim are required to be granted.

2.    *State Law Conversion Claim*

Having dismissed the claim over which it had original jurisdiction, the Court next considers whether to exercise supplemental jurisdiction over Plaintiff's state law claim.  In determining the existence of diversity jurisdiction, the Court looks to the face of the well-pleaded complaint.  See Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  It is the plaintiff's burden to allege, with sufficient particularity, facts supporting diversity jurisdiction.  See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).  Plaintiff did not meet his burden here because he does not allege that the Court has diversity jurisdiction

over his conversion claim and the Complaint does not establish that diversity jurisdiction exists.

The Court has discretion to decline to exercise jurisdiction over Plaintiff's state law claim for conversion of the Memorabilia that he claims belongs to him. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1123 (11th Cir. 2005).  That is, where "no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction." Id.  Here, the Court has dismissed Plaintiff's copyright ownership claim.  In the absence of an independent basis for the exercise of original federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law conversion claim, and his conversion claim is dismissed without prejudice.  See Ingram v. School Bd. of Miami-Dade Cnty., 167 F. App'x 107, 108 (11th Cir. 2006) (holding that if the federal claims are dismissed prior to trial, dismissal of state law claims is appropriate and strongly encouraged, but the dismissal should be without prejudice).[9]

---

[9]  Because the Court declines to exercise supplemental jurisdiction over the remaining state law claim in this action, the Court does not reach Defendant's arguments regarding Plaintiff's claim for conversion.

C.     Failure to Serve Estate of Laurraine Goreau

On November 7, 2014, the Court ordered Plaintiff to properly serve Defendants with the Summons and Complaint and file proof, on or before January 26, 2015, that service was made on each Defendant served.  The Court warned Plaintiff that failure to serve Defendants and file proof of service on or before January 26, 2015, would result in the dismissal of this action.  Plaintiff did not file proof of service showing that he properly served the Estate of Laurraine Goreau.

Local Rule 41.3 provides that the Court may dismiss a civil case for want of prosecution if a plaintiff fails to obey a lawful Order of the Court.  L.R. 41.3A.(2), N.D. Ga.  Plaintiff failed to comply with the Court's November 7, 2014, Order, because he did not file proof of service showing that the Estate of Laurraine Goreau was properly served with the Summons and Complaint.  Because Plaintiff failed to obey a lawful Order of the Court, the Court dismisses without prejudice the Estate of Laurraine Goreau.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Pelican's Motion to Dismiss [28] and the Devillier Defendants' Motion for Judgment on the Pleadings [41] are **GRANTED** with respect to Plaintiff's copyright claims.

**IT IS FURTHER ORDERED** that Plaintiff's state law claim for conversion is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Estate of Laurraine Goreau is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED** this 15th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE