IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| **BISHOP FRANK E. LOTT-JOHNSON,**<br><br>                    **Plaintiff,**<br><br>    **v.**<br><br>**ESTATE OF LAURRAINE GOREAU, ANNE DEVILLIER, ESTATE OF J. LINCOLN DEVILLIER, and PELICAN PUBLISHING COMPANY,**<br><br>                    **Defendants.** | **1:14-cv-3104-WSD** |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bishop Frank E. Lott-Johnson's ("Plaintiff") "Request to File Reconsideration with Reasons" [69] ("Motion for Reconsideration"); Motion for Leave to File Newly Discovered Evidence [71]; "Amended Petition for Permanent Injunction/Temporary Restraining Order" [72] ("TRO Motion"); and Amended Supplemental Motion for Reconsideration [74] (collectively, the "Motions").

## I.    BACKGROUND

On September 26, 2014, Plaintiff filed a *pro se* copyright infringement action against Defendants Anne Devillier and the Estate of J. Lincoln Devillier (the

"Devillier Defendants"), Pelican Publishing Company ("Pelican"), and the Estate of Laurraine Goreau (together, "Defendants").  Plaintiff also appeared to assert a claim for conversion under Georgia law.  Plaintiff alleged that Laurraine Goreau worked as a secretary for Mahalia Jackson, a renowned gospel singer and civil rights activist.  In 1975, Ms. Goreau published a book entitled "Just Mahalia, Baby"[1] that chronicled Mahalia Jackson's life and career.  In that same year, Ms. Goreau filed and claimed copyright protection for "Just Mahalia, Baby."[2]  Plaintiff also alleged that Ms. Goreau received six boxes of memorabilia (the "Memorabilia") that belonged to Mahalia Jackson.

Plaintiff claimed that Ms. Goreau bequeathed the copyright and the Memorabilia to her sister, Mary Ann G. Devillier who, in turn, bequeathed them to her husband, J. Lincoln Devillier.  At the time of J. Lincoln Devillier's death, the copyright and the Memorabilia were allegedly transferred to Defendant Anne Devillier as Mr. Devillier's heir and the executrix of his estate.

---

[1]     Although this is the name of a book, Plaintiff put the name in quotes rather than underlining it.  The Court conforms to Plaintiff's practice of using quotation marks.

[2]     On July 6, 2011, Plaintiff filed a *pro se* action in this Court against different defendants but alleged violations of a copyright he claimed he owned in the work entitled "Just Mahalia, Baby."  See Bishop Frank E. Lott-Johnson v. Studio 620, et al., 11-cv-02205-WSD (the "2011 Action").  On August 29, 2011, Plaintiff voluntarily moved to dismiss the 2011 Action without prejudice, which the Court granted.

In 1983, Pelican entered into an agreement to publish the work "Just Mahalia, Baby."  The work has been published continuously by Pelican since the agreement was entered in 1983.  Plaintiff contends that the copyright to the work "Just Mahalia, Baby" and the Memorabilia are the property of Mahalia Jackson. When Ms. Jackson died, her surviving beneficiaries created the Mahalia Jackson Residual Family Corporation ("MJRFC") to manage the assets of her estate. Plaintiff alleges that, on November 5, 1996, the rights to the copyright in the work "Just Mahalia, Baby" and the Memorabilia were transferred to him by the President of MJRFC.

Although Plaintiff's Complaint and Amended Complaint are nearly incomprehensible, the gravamen of his Complaint appears to be that Plaintiff is the rightful owner of the copyright to the work "Just Mahalia, Baby" and the Memorabilia, and he seeks a declaration that the copyright and the Memorabilia belong to him.  He also requested that the Court award him damages for the Defendants' alleged infringement of the copyright and conversion of the Memorabilia.

On July 15, 2015, the Court granted Pelican's motion to dismiss and the Devillier Defendants' motion for judgment on the pleadings with respect to Plaintiff's copyright claims.  The Court found that Plaintiff should have discovered

that Defendants were allegedly violating his claimed rights as early as

November 1, 1996, and this action, filed almost eighteen (18) years later, is barred

by the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b).

(July 15, 2015, Order [57] at 10-11).  The Court dismissed, without prejudice,

Plaintiff's state law claim for conversion because, in the absence of an independent

basis for the exercise of original federal jurisdiction, the Court declined to exercise

supplemental jurisdiction over this state law claim.  (Id. at 12).  The Court also

dismissed without prejudice the Estate of Laurraine Goreau, because Plaintiff

failed to obey the Court's November 7, 2014, Order, to properly serve the Estate of

Laurraine Goreau.  (Id. at 13).

On August 17, 2015, Plaintiff filed a notice of appeal [57].  On

October 29, 2015, the Eleventh Circuit Court of Appeals dismissed Plaintiff's

appeal for lack of jurisdiction, finding that the notice of appeal was untimely.

([68] at 2).

On March 25, 2016, Plaintiff filed his Motion for Reconsideration.  On April

21, 2016, he filed his Motion for Leave to File Newly Discovered Evidence.  On

May 4, 2016, Plaintiff field his TRO Motion.  On July 15, 2016, he filed his

Amended Supplemental Motion for Reconsideration.  Plaintiff's Motions, like his

Complaint and Amended Complaint, are nearly incomprehensible.  It appears

Plaintiff contends he has newly discovered evidence that warrants the Court's reconsideration of its dismissal of this action.

## II.    DISCUSSION

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice."  L.R. 7.2(E), NDGa.  Rather, such motions are only appropriate when "absolutely necessary" to present:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted).  A motion for reconsideration must be filed within twenty-eight days after entry of the order about which the party is seeking reconsideration.  LR 7.2(E), NDGa.  Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires.  Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Plaintiff's Motion for Reconsideration, Amended Supplemental Motion for Reconsideration, and Motion for Leave to File Newly Discovered Evidence, filed over eight (8) months after the Court's July 15, 2015, Order dismissing this action, are untimely, and are denied.  Even if the motions were timely, a review of the

motions for reconsideration and Plaintiff's Motion for Leave to File Newly

Discovered Evidence does not present any newly-discovered evidence that would

warrant the Court's reconsideration of its order dismissing this action.  Plaintiff's

sole federal claim—his copyright claim—is indisputably time-barred, because he

should have discovered that Defendants were allegedly violating his claimed rights

as early as November 1, 1996, and this action, filed almost eighteen (18) years

later, is barred by the Copyright Act's three-year statute of limitations.  See 17

U.S.C. § 507(b).  Even if the Court considered Plaintiff's reconsideration motions,

Plaintiff does not present any newly discovered evidence that changes this result.

Because the Court properly dismissed Plaintiff's copyright claim—the only

claim over which it had original jurisdiction—and because Plaintiff did not show

the Court has diversity jurisdiction over this matter, the Court appropriately

declined to exercise supplemental jurisdiction over Plaintiff's state law claim for

conversion.  See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402

F.3d 1092, 1123 (11th Cir. 2005) (where "no basis for original federal jurisdiction

presently exists, the district court has the discretion to decline to exercise

supplemental jurisdiction").  The Court also properly dismissed the Estate of

Laurraine Goreau as a defendant, because Plaintiff failed to effectuate service,

violating the Court's November 7, 2014, Order.  See L.R. 41.3A.(2), N.D. Ga. (the

Court may dismiss a civil case for want of prosecution for failure to obey a lawful order). Accordingly, Plaintiff's Motion for Reconsideration, Motion for Leave to File Newly Discovered Evidence, and Amended Supplemental Motion for Reconsideration are denied.

Plaintiff's TRO Motion also is required to be denied. The TRO Motion alleges Plaintiff "is suffering and will continue to suffer immediate harm and injury . . . in connection with the present copyright case pending before this Court and the newly discovered evidence and other evidence and authorities." (TRO Mot. at 1). To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." Schiavo ex. rel Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam). "[A] [temporary restraining order or preliminary injunction] is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." SunTrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam) (citation omitted). Plaintiff cannot show a substantial likelihood of success on the merits of his copyright claim, because the

Court has already determined the claim is time-barred.  The Court thus denies Plaintiff's TRO Motion.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Bishop Frank E. Lott-Johnson's ("Plaintiff") "Request to File Reconsideration with Reasons" [69]; Motion for Leave to File Newly Discovered Evidence [71]; "Amended Petition for Permanent Injunction/Temporary Restraining Order" [72]; and Amended Supplemental Motion for Reconsideration [74] are **DENIED**.

**SO ORDERED** this 26th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE